IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHNNIE ABREU,                          §
                                        §
                    Plaintiff,          §
                                        §   Civil Action No. 3:12-CV-2620-D
VS.                                     §
                                        §
ZALE CORPORATION,                       §
                                        §
                    Defendant.          §

MEMORANDUM OPINION
AND ORDER

In this suit seeking unpaid overtime pay under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq*., defendant moves under Fed. R. Civ. P. 12(c) for

judgment on the pleadings, contending that plaintiff is judicially estopped from asserting her

claim due to her failure to disclose the claim in her chapter 13 bankruptcy case.  For the

reasons that follow, the court concludes that plaintiff is judicially estopped and therefore

grants the motion and dismisses this suit with prejudice.

I

Defendant Zale Corporation ("Zale") hired plaintiff Johnnie Abreu ("Abreu") as a

Staff Accountant in 2004, and in 2007 reassigned her to work as a Financial Business

Analyst.  Abreu alleges that, throughout her employment as a Financial Business Analyst,

Zale improperly classified her as an employee exempt from overtime pay under the FLSA,

and that, because of this misclassification, she worked overtime for which she was not

properly compensated.[1]

Abreu filed for chapter 13 bankruptcy in 2011.  In her bankruptcy case, she submitted the required sworn schedules of assets and liabilities, but she did not disclose her claim against Zale for unpaid overtime; instead, she represented that she had no contingent or unliquidated claims of any nature.  Abreu later amended her budget and income schedules, but again she did not disclose her claim for unpaid overtime.  Relying on these representations, the bankruptcy court confirmed her bankruptcy plan and allocated her disclosed assets to various creditors.  After the bankruptcy court confirmed her plan, Abreu filed this lawsuit against Zale.

Zale now moves for judgment on the pleadings under Rule 12(c).  It contends that, because Abreu did not disclose her claim for unpaid overtime to the bankruptcy court, she is estopped from pursuing this lawsuit.  Abreu has not responded to Zale's motion.

## II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and

---

[1]"When deciding a Rule 12(c) motion, the court accepts as true all well-pleaded facts in the complaint and views them in the light most favorable to the plaintiff."  *Hoffman v. L & M Arts*, 2011 WL 3567419, at *9 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)).  The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6).  *See, e.g., Hoffman v. L & M Arts*, 2011 WL 3567419, at *4 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010)).

## III

Judicial estoppel is an affirmative defense.  *See EEOC v. Rock-Tenn Servs. Co.*, ___ F.Supp.2d ___, 2012 WL 4747186, at *16 (N.D. Tex. Aug. 22, 2012) (Boyle, J.); *Reneker v. Offill*, 2012 WL 2158733, at *22 (N.D. Tex. June 14, 2012) (Fitzwater, C.J.); *see also* Rule 8(c).  "Although dismissal under Rule 12(c) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings."  *Harris v. Rivera*, 2013 WL 246709, at *5 (N.D. Tex. Jan. 23, 2013) (Fitzwater, C.J.) (citation and alteration omitted); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) . . . when [an] affirmative defense clearly appears on the face of the complaint.").  Put differently, Zale is not entitled to dismissal under Rule 12(c) unless Abreu has "plead[ed] [herself] out of court."  *Hall v. Kone, Inc.*, 2011 WL 3510861, at *2 (N.D. Tex. Aug. 10, 2011) (Fitzwater, C.J.) (quoting *Hooker v. Dall. Indep. Sch. Dist.*, 2010 WL 4025877, at *7 (N.D. Tex. Oct. 13, 2010) (Fitzwater, C.J.)) (addressing Rule 12(b)(6) motion).  Even when a plaintiff does not affirmatively plead all

- 3 -

the elements of a defense, judgment on the pleadings is appropriate if judicially noticeable facts and materials, in conjunction with the plaintiff's pleadings, establish a successful affirmative defense. *See Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) ("[J]udgment on the merits [under Rule 12(c)] can be rendered by looking to the substance of the pleadings and any judicially noticed facts."); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken."); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper . . . to take judicial notice of matters of public record." (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

## IV

## A

"[J]udicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (en banc). "The purpose of the doctrine is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *In re Wakefield*, 293 B.R. 372, 378 (N.D. Tex. 2003) (Fitzwater, J.) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)) (internal quotation marks and brackets omitted). Judicial estoppel applies when (1) the position of the party to be estopped is plainly inconsistent with its previous

- 4 -

position, (2) the court accepted the previous position, and (3) the party did not act inadvertently.  *Reed*, 650 F.3d at 574.  "Because the doctrine is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary."  *Coastal Plains*, 179 F.3d at 205 (citations omitted).  The three elements specified in *Reed* are not "inflexible prerequisites" or part of "an exhaustive formula," and "different considerations 'may inform the doctrine's application in specific factual contexts.'"  *Reed*, 650 F.3d at 574 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001) (some internal quotation marks omitted)).  When representations made in bankruptcy are at issue, the court should be "sensitiv[e] to the duties and goals of the overarching bankruptcy system."  *Anderson v. Entergy Operations, Inc.*, 2012 WL 5400059, at *2 (S.D. Miss. Nov. 5, 2012) (citing *Reed*, 650 F.3d at 574).  The court must therefore apply judicial estoppel in a way that "deter[s] dishonest debtors . . . , while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate."  *Reed*, 650 F.3d at 574.  Because invoking judicial estoppel is discretionary, the court need not apply it against the offending party.  *See id.*

## B

The court first considers whether Zale has established each of the three elements for judicial estoppel through the pleadings and judicially-noticed bankruptcy filings.

## 1

"It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and

unliquidated claims." *In re Superior Crewboats*, 374 F.3d 330, 335 (5th Cir. 2004) (quoting

*Coastal Plains*, 179 F.3d at 207-08); *see also* 11 U.S.C. § 521(a)(1).  By not disclosing

(either in her original schedule or her amendments) her claim against Zale for unpaid

overtime, and instead stating that she had no property within the category of "contingent and

unliquidated claims of every nature," D. Ex. 2, p. 53, Abreau clearly represented to the

bankruptcy court that she had no such claim.  Yet in this lawsuit, she asserts the opposite.

The two positions are "plainly inconsistent." *Anderson*, 2012 WL 5400059, at *3 (finding

inconsistency under materially identical facts).

2

The bankruptcy court accepted Abreu's position that she did not have the claim that

she now asserts.  This element requires "that the first court has adopted the position urged

by the party, either as a preliminary matter or as part of a final disposition." *Superior*

*Crewboats*, 374 F.3d at 335 (quoting *Coastal Plains*, 179 F.3d at 206).  A "formal judgment"

is not required. *Id.*  Courts have consistently held that a bankruptcy court accepts a debtor's

position when it relies on her asset schedules and confirms her bankruptcy plan.  This

reliance need not be explicit; the court assumes reliance on the debtor's schedules when the

bankruptcy court confirms the debtor's plan. *See, e.g., Jethroe v. Omnova Solutions, Inc.*,

412 F.3d 598, 600 (5th Cir. 2005) ("[The bankruptcy] court certainly confirmed [debtor's]

plan at least in part based on its assessment of her assets and liabilities." (citing *Coastal*

*Plains*, 179 F.3d at 210)); *Edwards v. Huntington Ingalls, Inc.*, 2011 WL 3891872, at *6

(S.D. Miss. Aug. 29, 2011) ("This Court concludes that, by confirming a Chapter 13 Plan for

Plaintiff, the Bankruptcy Court relied, at least in part, on Plaintiff's bankruptcy schedules as presented[.]”); *Anderson*, 2012 WL 5400059, at *3 (addressing chapter 13).  Here, the bankruptcy court confirmed Abreu's plan without knowledge of her claim against Zale. Because a bankruptcy court relies on the totality of a debtor's schedules and other information when deciding whether to confirm a plan, the bankruptcy court adjudicating Abreu's case undoubtedly relied at least partially on Abreu's assertion that she did not have any contingent and unliquidated claims.  The bankruptcy court therefore accepted Abreu's position.

3

The third prong of the test for judicial estoppel addresses whether the party to be estopped acted inadvertently.  *See Jethroe*, 412 F.3d at 600.

“The *Coastal Plains* panel held that, ‘in considering judicial estoppel *for bankruptcy cases,* the debtor's failure to satisfy its statutory disclosure duty is “inadvertent” only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment.’”  *Wakefield*, 293 B.R. at 378 (quoting *Coastal Plains*, 179 F.3d at 210). Zale argues that Abreu knew of her overtime claim before she filed for bankruptcy, and that she had a motive to conceal the claim because any undisclosed recovery would inure to her benefit rather than to the benefit of her creditors.

Turning first to knowledge, the court concludes that Abreu knew of her FLSA claim at the time she filed for chapter 13 bankruptcy.  A plaintiff has knowledge of a claim whenever she knows the facts that give rise to the claim.  *See Jethroe*, 412 F.3d at 601 (to

establish inadvertence through lack of knowledge, plaintiff "must show . . . that . . . at the time she filed her bankruptcy petition, she was *unaware of the facts* giving rise to [the claim]" (emphasis added)).  "The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *Coastal Plains*, 179 F.3d at 208 (citation omitted).  Abreu's complaint makes clear that she consistently worked overtime hours, knew her duties, and knew she was not compensated for overtime.  She therefore knew of the claim at the time she filed for bankruptcy.  *See Anderson*, 2012 WL 5400059, at *4 (concluding at summary judgment stage that plaintiff had knowledge where his complaint alleged he never received overtime pay despite "routinely" working in excess of 40 hours per week); *Gaskins v. Thousand Trails, LP*, 521 F.Supp.2d 693, 697 (S.D. Ohio 2007) (same where complaint alleged that "plaintiff 'regularly' worked more than 40 hours per week").  Moreover, Abreu undoubtedly had knowledge of the claim after she filed this suit, yet she failed to amend her bankruptcy plan, despite an ongoing obligation to do so.  *See Anderson*, 2012 WL 5400059, at *4 ("A plaintiff is judicially estopped from pursuing an EEOC charge filed while his bankruptcy petition was pending and where he did not fulfill his duty to amend the petition to include that claim." (quoting *Jethroe*, 412 F.3d at 600)).

    The court also concludes that Abreu also acted with a motive to conceal.  The Fifth Circuit has held that context alone can establish motive to conceal.  In *Love v. Tyson Foods, Inc.*, 677 F.3d 258 (5th Cir. 2012), the panel stated that "the motivation sub-element is almost

always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure." *Id.* at 262 (citation omitted).  And in *Superior Crewboats*, in the context of a motion to dismiss, the panel concluded that there was a motive to conceal because the plaintiffs "would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors."  *Superior Crewboats*, 374 F.3d at 336. Here, Abreu would have reaped a windfall had she been able to recover on her FLSA claim without disclosing it to the bankruptcy court.  She therefore had a motive to conceal, and did not act inadvertently.

The court recognizes that, in contrast to *Superior Crewboats*, there is authority in the Fifth Circuit suggesting that the issue of inadvertence cannot be decided in the context of a motion like a motion for judgment on the pleadings.  Rule 12(c) motions do not turn on questions of fact, and, in *Love*, which addressed judicial estoppel in the context of a defendant's motion for summary judgment, the panel stated that "[w]hether a debtor's failure to disclose claims was inadvertent presents a question of fact."  *Love*, 677 F.3d at 262 (citing *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275 (11th Cir. 2010)).  Thus, after concluding that the defendant had set out a motivation to conceal because of the plaintiff's potential financial benefit from nondisclosure, the panel held that "it fell to Love to show that the omission of his claims from his schedule of assets was inadvertent."  *Id.*  The plaintiff maintained in response, *inter alia*, that he would first pay the creditors before paying himself. *Id.* at 263.  But the panel rejected this argument because "he made this assertion *only after*

- 9 -

[the defendant] brought his nondisclosure to light." *Id.* (emphasis in original). That is, his promise did not "speak to his motivations while he was obligated to disclose his claims but had not yet done so," which is the relevant time period for assessing motivation. *Id.* This language strongly suggests that the motivation subpart of inadvertence is a subjective inquiry.

In *Wakefield*, decided after *Coastal Plains* but before *Superior Crewboats* and *Love*, "[this] court [held] that the bankruptcy court erred as a matter of law when it interpreted [a district court case] to construe the *Coastal Plains* motive test as objective, devoid of any subjective component." *Wakefield*, 293 B.R. at 380. The court concluded that "*Coastal Plains* itself does not support the view that motive is to be evaluated only objectively," noting that "[i]t [was] patent that when the Fifth Circuit discussed the debtor's motive in *Coastal Plains*, it considered evidence of subjective motivation to conceal." *Id.* The court also quoted a passage from the First Circuit's opinion in *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570 (1st Cir. 1993), which *Coastal Plains* had incorporated. This court concluded that "[t]he First Circuit's reasoning reflects that motive is imbued with a subjective component." *Id.* at 381.[2]

---

[2]This court also set out its own reasoning for rejecting a purely-objective standard:

> Nor does the court discern a valid reason to hold that the motive determination should be purely objective. Lack of motive is one way of defeating judicial estoppel by establishing an inadvertent failure to satisfy a statutory disclosure duty in a bankruptcy case. *Coastal Plains* holds that, generally, a party either must lack knowledge of the undisclosed claim or must have no motive to conceal it. Motive and subjective intent are closely-related concepts and are often intertwined in the law. Motive, intent,

If inadvertence is a fact issue, it is unclear how *Superior Crewboats* could have reversed the district court's denial of a Rule 12(b)(6) motion based on judicial estoppel in the absence of the plaintiff's pleadings or judicially-noticed documents that clearly showed his subjective intent.  But because *Superior Crewboats* appears to have done so, because it held that the ability to reap a windfall from nondisclosure established the motive subprong of inadvertence at the motion to dismiss stage, and because it controls over *Love* to the extent they are inconsistent,[3] *Superior Crewboats* dictates the same result here.[4]  Accordingly, the court holds that Zale has established the third prong of judicial estoppel based on Abreu's complaint and documents that the court can judicially notice.

C

The court now considers whether in its discretion to apply the doctrine of judicial estoppel.

"Because the doctrine is equitable in nature, it should be applied flexibly, with an intent to achieve substantial justice . . . .  Application of the doctrine of judicial estoppel should be guided by a sense of fairness, with the facts of the particular dispute in mind."

---

> and subjective feelings involve a party's state of mind.  To say that motive should be determined from a purely objective standpoint is to ignore the common sense understanding that motive must be evaluated subjectively as well.

*Wakefield*, 293 B.R. at 381 (citations omitted).

[3]To the extent that two panel decisions are in conflict, the earlier opinion controls. *E.g., Hill v. Carroll Cnty., Miss.*, 587 F.3d 230, 237 (5th Cir. 2009).

[4]Rule 12(b)(6) precedent applies to Rule 12(c) motions.

*Reed*, 650 F.3d at 574 (quoting 18 James Wm. Moore et al., *Moore's Federal Practice* § 134.31 at 73 (3d ed. 2011)).  "'Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset.'"  *Id.* (quoting *Jethroe*, 412 F.3d at 600).

That is what the documents show occurred here.  Abreu failed to disclose her FLSA claim to the bankruptcy court, but she now seeks to recover on such a claim against Zale.  Applying the doctrine of judicial estoppel prevents Abreu from benefiting from her nondisclosure and preserves an important incentive for debtors to disclose all of their assets, as required by law.  *See Love*, 677 F.3d at 266 (affirming application of judicial estoppel to employment discrimination claim not disclosed in plaintiff's chapter 13 bankruptcy filings); *see also Anderson*, 2012 WL 5400059, at *5 n.3 (applying judicial estoppel to FLSA claim not disclosed in plaintiff's chapter 13 bankruptcy filings).[5]

---

[5]In granting this motion, the court suggests no view on whether a bankruptcy trustee seeking to recover under the FLSA on behalf of Abreu's estate should be estopped from recovering.  *See Reed*, 650 F.3d at 573 (declining to apply judicial estoppel against innocent trustee).  This question is not before the court.

*   *   *

For the reasons explained, the court grants Zale's motion for judgment on the pleadings and dismisses this suit by judgment filed today.

**SO ORDERED.**

May 13, 2013.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE